# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL S.** | ) | **CASE NO. 7:17CV00218** |
| **OWLFEATHER-GORBEY** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN, USP LEE,** | ) | **By: Norman K. Moon** |
|     **Respondent.** | ) | **Senior United States District Judge** |

Michael S. Owlfeather-Gorbey,[1] a federal inmate proceeding *pro se*, filed this petition for

a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his

confinement on a judgment by the Superior Court of the District of Columbia. Respondent filed

a motion to dismiss Gorbey's § 2254[2] petition, and Gorbey failed to respond, making the matter

ripe for disposition. After review of the record, I grant the motion to dismiss.

## I.  Background

The facts are taken from Gorbey's habeas petition in the United States District Court for

the District of Columbia, *Gorbey v. United States*:

> On the afternoon of January 18, 2008, Gorbey approached a woman near the U.S.
> Capitol and asked for directions to the Supreme Court. He carried a shotgun in
> his hand, a sword on his back, a bulletproof vest across his chest, and several
> shotgun shells and hunting knives in his backpack. Gorbey explained that he was
> on his way to a meeting with Chief Justice John Roberts.
>     The woman reported Gorbey to the police, who arrested him. They
> searched his truck, parked illegally nearby, where they found hundreds of rounds
> of ammunition, a rifle scope, and a homemade bomb. Gorbey was subsequently
> charged and convicted on multiple weapons-related counts in D.C. Superior
> Court. He is currently served a twenty-year prison sentence.

55 F. Supp. 3d 98, 100-01 (D.D.C. 2014) (citations removed).

---

[1] Petitioner's other moniker is Michael Steven Gorbey.

[2] Gorbey initially filed a § 2241 petition, but the case is properly construed pursuant to § 2254, and Gorbey
has acknowledged it as such.

After a jury trial where Gorbey acted as his own attorney, the District of Columbia Superior Court convicted Gorbey of multiple weapons-related offenses. He was sentenced to 264 months in prison and five years of supervised release.

Shortly after he was sentenced, Gorbey filed a notice of direct appeal. He also filed two *pro se* motions under D.C. Code § 23-110 seeking a new trial and vacatur of his conviction and sentence, which his new attorney supplemented.[3] The trial court denied those motions, leading Gorbey to appeal that decision as well. The District of Columbia Court of Appeals subsequently consolidated Gorbey's direct appeal with the appeal from the denial of his § 23-110 motions.

In a lengthy and detailed opinion, the District of Columbia Court of Appeals rejected Gorbey's challenges to his convictions, but found that the trial court had erred at sentencing by failing to inquire into his decision to waive an insanity defense under *Frendak v. United States*, 408 A.2d 364 (D.C. 1979). On remand, the Superior Court concluded that Gorbey had validly waived the insanity defense and resentenced him to 254 months in prison.

On March 21, 2017, Gorbey filed a petition for a writ of habeas corpus in the Lee County Circuit Court, alleging that his incarceration is illegal and unconstitutional because he no longer has any sentence to serve and he is actually innocent. On May 10, 2017, the United States Attorney removed Gorbey's petition from state court to the United States District Court for the Western District of Virginia.

## II.     Discussion

"Collateral challenges to sentences imposed by the Superior Court of the District of Columbia must be brought in that court under D.C. Code § 23-110." *Bassil v. O'Brien*, 2009

---

[3] Since his 2008 conviction, Gorbey has become "quite an active litigant." Id. at 101. "In addition to several appeals, he has filed numerous post-conviction motions in Superior Court and in multiple federal district courts around the country," including Washington, D.C., West Virginia, Virginia, the Fourth Circuit Court of Appeals, Alabama, the Tenth Circuit Court of Appeals, Oklahoma, Florida, and South Carolina. Id.

WL 113583, at *1 (W.D. Va. Jan. 16, 2009).

Section 23-110 states:

An application for a writ of habeas corpus [o]n behalf of a prisoner . . . shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110.

To show that the remedy under § 23-110 is inadequate or ineffective, the inmate must demonstrate that the remedy "is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). However, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232, 1232 (D.D.C. 1992).

Here, Gorbey has not shown that his proceedings under D.C. Code § 23-110 were inadequate or ineffective. In his collateral proceedings, Gorbey argued that both trial counsel and appellate counsel were ineffective, along with other constitutional claims. District of Columbia courts addressed his contentions at length; therefore, he cannot bypass the requirements of § 23-110 with conclusory and factually unfounded allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (Allegations that are conclusory are not entitled to be true.).

Since Gorbey has not shown that the remedy available to him under § 23-110 was inadequate or ineffective, I conclude that his § 2254 petition must be dismissed for lack of subject matter jurisdiction.

### III.    Conclusion

For the reasons stated, I **GRANT** the motion to dismiss. Gorbey's petition is

unreviewable.  An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Gorbey and to counsel of record for Respondent.  Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This 15th  day of November, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE